UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
SEP 16   1 ~3 PM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN.

CHRISTOPHER T. ANGLE, :
:
    Plaintiff, :
:
v. : NO. 3:03cv133 (JBA)
:
MORGAN STANLEY DW, INC. :
:
    Defendant. :

RULING ON DEFENDANT'S MOTION TO DISMISS [DOC. #13],
PLAINTIFF'S MOTION TO AMEND COMPLAINT [DOC. #18]
AND PLAINTIFF'S OBJECTIONS TO RECOMMENDED RULING [DOC. #28]

This case requires determination of whether a private employer's refusal to hire a job applicant based solely on that individual's prior bankruptcy violates 11 U.S.C. § 525(b). A negative answer requires that Defendant Morgan Stanley's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) be granted.

In a thorough and well reasoned opinion, familiarity with which is assumed, Magistrate Judge Joan Glazer Margolis agreed with defendant that the scope of the statute's anti-discrimination protection does not extend to job applicants, and recommended dismissal. See Recommended Ruling [doc. #28]. The plaintiff has filed objections to the Recommended Ruling. After de novo review pursuant to Fed. R. Civ. P. 72(b), Plaintiff's objections are OVERRULED, the Recommended Ruling [doc. #28] is

APPROVED and ADOPTED, Defendant's Motion to Dismiss is GRANTED and Plaintiff's Motion to Amend is DENIED.

The difference in wording between § 525(a) and § 525(b) of the Bankruptcy Code is decisive. Section 525(a) makes it unlawful to "... <u>deny employment to</u>, terminate the employment of, or discriminate with respect to employment against ..." a person because of prior bankruptcy. 11 U.S.C. § 525(a)(emphasis added). Section 525(b) makes it unlawful to "terminate the employment of, or discriminate with respect to employment against ..." a person on the basis of prior bankruptcy, and makes no reference to denial of employment. 11 U.S.C. § 525(b). Under rules of statutory construction, the difference must be read as revealing Congress' intent not to include private employer hiring discrimination within the scope of § 525(b). "Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." <u>Russello v. United States</u>, 464 U.S. 16, 23 (1983).

This statutory language is not inconsistent with the sparse legislative history of § 525(b). While considering the Omnibus Bankruptcy Improvements Act of 1983 (the forerunner to the Bankruptcy Amendments and Federal Judgeship Act of 1984 pursuant to which 11 U.S.C. § 525(b) was enacted) the Senate Judiciary

2

Committee very briefly described its intent regarding the private-sector bankruptcy discrimination provision:

> This section amends Section 525 of Title 11 to extend the protection against discrimination to persons employed in the private sector. Under this section, no private employer may terminate employment of or discriminate with respect to employment against any person on the basis that that person had been or will be a debtor in bankruptcy, or has suffered insolvency pending a discharge.

S. Rep. No. 98-65, at 80 (1983). On one hand, the Committee referred to "the protections" of § 525(a), see id., suggesting it may have intended to import all of the protections from subsection (a) into subsection (b). On the other hand, the Committee expressed a desire to protect "persons employed in the private sector," see id., suggesting that subsection (b) only covers individuals within an ongoing employment relationship, not prospective employees. The Committee did not specifically discuss whether it intended to enact differing provisions regarding private sector and public sector job applicants.

"If the statutory language is unambiguous, in the absence of a clearly expressed legislative intent to the contrary, that language must ordinarily be regarded as conclusive." Russello, 464 U.S. at 20 (emphasis added). Because the legislative history of § 525(b) is unclear, the plain language of the statute controls. If, as plaintiff suggests, the omission of a clause regarding hiring in § 525(b) was indeed a scrivener's error, it falls to Congress, not this Court, to correct the mistake.

3

Accordingly, Defendant's Motion to Dismiss [doc. #13] is GRANTED.  In addition, upon <u>de novo</u> review, the Court finds no error in Magistrate Judge Margolis' Recommended Ruling denying Plaintiff's Motion to Amend [doc. #18] and adopts it, and Plaintiff's Motion to Amend is DENIED.

The Clerk is directed to close this case.

IT IS SO ORDERED.

_____
Janet Bond Arterton, U.S.D.J.

**Dated at New Haven, Connecticut:**    <u>September 15, 2004</u>